IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES H. CARTER,** | * | |
| **Plaintiff,** | * | |
| v. | * | |
| | | CIVIL NO. JKB-20-3700 |
| **GARDAWORLD SECURITY SERVICES – US,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion for Default (ECF Nos. 14, 15, 16) and Motion for Sanctions (ECF No. 17). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Both motions are DENIED.

As set forth in Defendants' Opposition to Plaintiff's Motion for Default (ECF No. 18), Defendants filed their Notice of Removal (ECF No. 1) and Motion to Dismiss (ECF No. 10) within the time prescribed by the Federal Rules of Civil Procedure. Therefore, default is unwarranted and Plaintiff's Motion for Default (ECF Nos. 14, 15, 16) is DENIED.

Likewise, sanctions against Defendants are entirely unwarranted. Plaintiff's arguments regarding the timeliness of Defendants' service and the accuracy of the description of events in Defendants' Motion to Dismiss (ECF No. 18) are the proper subjects of Plaintiff's forthcoming response to that Motion, not a motion for sanctions. Accordingly, Plaintiff's Motion for Sanctions (ECF No. 17) is DENIED. The Court reminds Plaintiff that, as set forth in Local Rule 105.8 (D. Md. 2018), "[t]he Court expects that motions for sanctions will not be filed as a matter of course

[and] will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions."

DATED this 19th day of January, 2021.

BY THE COURT:

James K. Bredar
Chief Judge